**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LORIN-KAL BUCKNER

    Plaintiff,

    v.

NOAH E. POWERS, II, et al.,

    Defendants.

Case No. 1:19-cv-92

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Lorin-Kal Buckner, having paid the requisite $400.00 filing fee and proceeding *pro se*, initiated the above captioned case, alleging that Defendant Butler County Court of Common Pleas Judge Noah E. Powers, II, and the Butler County Court of Common Pleas itself, violated his civil rights pursuant to 42 U.S.C. § 1983 in connection with a state foreclosure action. Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial consideration and pretrial proceedings.

The undersigned has undertaken a *sua sponte* review of federal jurisdiction in this case. Concluding that subject matter jurisdiction is lacking, and further that Plaintiff's complaint is vexatious because it constitutes a fourth attempt to relitigate the same state foreclosure case, the undersigned files this Report and Recommendation ("R&R") in order to recommend that this case be DISMISSED and that Plaintiff be sanctioned and precluded from filing any further action in this Court relating to this matter.

**I.    Background**

The above-captioned case is the fourth federal case in which Mr. Buckner has

appeared *pro se* in this Court.[1] The undersigned takes judicial notice of the fact that the last three federal cases in which Mr. Buckner appeared, all of which were dismissed, challenged the same state foreclosure action. *See e.g., Buckner v. JP Morgan Chase*, Case No. 1:17-cv-302-SJD-KLL, *JP Morgan Chase Bank, N.A. v. Buckner*, Case No. 1:18-cv-36-TSB-KLL, *JPMorgan Chase Bank, N.A. v. Buckner*, Case No. 1:19-cv-25-TSB-SKB.

In Case No. 1:17-cv-302, Mr. Buckner and his wife first sought to obtain relief from a foreclosure entered by the state court by initiating a collateral federal lawsuit against JP Morgan Chase, N.A. under the Truth in Lending Act ("TILA"). Because Plaintiffs did not seek to proceed *in forma pauperis* but instead paid the requisite $400.00 filing fee, they bypassed this Court's ability to screen the case under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's aim in filing the federal lawsuit was clear; they sought a temporary restraining order in order to prevent a foreclosure sale that had been scheduled by the Butler County, Ohio Court of Common Pleas in Case Number 2010 01 0035.[2] In an R&R filed on May 5, 2017 and later adopted as the opinion of the court by U.S. District Judge Dlott, Magistrate Judge Litkovitz recommended denying the TRO and/or preliminary injunctive relief. On December 22, 2017, Judge Litkovitz filed a second R&R that recommended granting the Defendant's motion to dismiss the complaint as time-barred and for failure to

---

[1] In two earlier cases, Mr. Buckner was represented by counsel. *See, e.g., DIRECTV Inc. v. Buckner*, Case No. 1:03-cv-639 and *Buckner v. USA*, Case No. 1:91-304.

[2] State court records reflect 19 matters in which Mr. Buckner is a party including multiple foreclosure actions, but all of his *pro se* cases in this Court involve the same foreclosure case. In denying an appeal of a separately filed state court lawsuit that related to the same foreclosure, the Ohio Court of Appeals held that the Buckners were foreclosed by both claim preclusion and issue preclusion (res judicata and collateral estoppel) from attacking the 2010 decree of foreclosure. *Buckner v. Washington Mut. Bank*, No. CA2014-01-012, 2004-Ohio-5189, 2014 WL 6612499 (Ohio Ct. App. 12th Dist. Nov. 24, 2014).

2

state any claim for relief under TILA. In the R&R, Judge Litkovitz added that this Court lacked any other basis for jurisdiction over Plaintiff's claims, including diversity jurisdiction, and should not exercise supplemental jurisdiction over any related construed or amended state law claims. (*Id.*, Doc. 28). Mr. Buckner filed Objections to the R&R, but before the R&R could be considered by U.S. District Judge Dlott, he filed a "Notice of Voluntary Dismissal" that purported to dismiss his case "voluntarily… without prejudice against the defendant(s)." (*Id.*, Doc. 31).[3] As a result of the Notice of Dismissal, the case was administratively closed on January 19, 2018 without further review.

On the same date that Case No. 1:17-cv-302 was dismissed, Mr. Buckner initiated a new federal lawsuit by filing a *pro se* Notice of Removal in this Court, seeking to remove the state court foreclosure case *in forma pauperis*. In Case No. 1:18-cv-36, this Court noted that the state court already had granted summary judgment for JP Morgan Chase Bank and had denied Mr. Buckner's subsequent motions for relief. Indeed, state records confirm that a valid judgment of foreclosure was entered on April 30, **2010**, and that no timely appeal was filed from that judgment. Although sale of the foreclosed property was repeatedly delayed, at the time Mr. Buckner filed Case No. 1:18-cv-36, a Sheriff's Sale had been scheduled for January 25, 2018. On January 24, 2018, Magistrate Judge Litkovitz recommended a remand to state court based upon a lack of federal question jurisdiction over the case. As explained in the R&R adopted as the opinion of the Court, neither Mr. Buckner's allegations that JP Morgan Chase Bank had violated his

---

[3]The language of the notice, filed only by Mr. Buckner and not his wife, states that Plaintiff Buckner's dismissal is without prejudice to Defendant JPMorgan. The Notice clearly does not comply with Rule 41(a)(1)(A)(i), which permits a voluntary dismissal without a court order only when a plaintiff files a notice "before the opposing party serves either an answer or a motion for summary judgment."

3

constitutional rights, nor any asserted defense to the state court foreclosure action based upon federal law, would grant this Court jurisdiction. Likewise, removal was improper under diversity jurisdiction since such removal can only occur when the defendants are not citizens of the forum state. (*Id.*, R&R at Doc. 7, adopted without objection on May 10, 2018).

A Sheriff's sale of the property was subsequently scheduled for January 17, 2019. On January 8, 2019, Mr. Buckner filed a new Notice of Removal, initiating his third federal case over the same matter, Case No. 1:19-cv-25. Mr. Buckner again asserted the existence of both federal-question jurisdiction under 28 U.S.C. § 1331 and the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). He again sought a temporary restraining order to enjoin the sale of the property. On January 16, 2019, U.S. District Judge Black filed an Order remanding the case to state court after explaining (again) that this Court lacks either federal-question jurisdiction or diversity jurisdiction over the improperly removed case. A Clerk's Judgment was entered the same date.[4]

In addition to the three prior federal proceedings either initiated by or improvidently removed by Plaintiff to this Court, the undersigned takes judicial notice of the fact that Mr. Buckner has been an extremely prolific filer in the state court foreclosure action that he challenges for the fourth time in this Court. A portion of the procedural history including the Buckners' multiple state court filings is recounted in the Decision and Entry Re Defendant's Objection to Reactivate, filed on August 22, 2016 in state court. On November 21, 2018, the state court entered yet another decision denying Mr. Buckner

---

[4]On January 23, 2019, Mr. Buckner filed a post-judgment motion for reconsideration of Judge Black's order of remand. Judge Black has not yet ruled on that motion.

relief, stating in part:

> The Court indicated, via a Decision as well as an Entry dated February 9, 2017, that it would no longer consider any additional filings by Defendant Buckner in which he attempts to collaterally attack the judgment entered on April 30, 2010. However, Defendant continued to harass both Plaintiff [JPMorgan Chase Bank] and the Court with numerous filings. The Court has thoroughly reviewed Defendant's filings, the record, and applicable law.
>
> Defendant's posture in his various filings throughout this matter has been well documented…and the Court finds no reason to reiterate them again. In his most recent filings, Defendant again attempts to collaterally attack the validity of the judgment in this matter through various methods including challenging the authority of the Court.

Citing multiple prior rulings, the state court's November 21, 2018 Order denied Mr. Buckner's latest motions. On January 3, 2019, the state court filed a new "Entry Overruling Defendant Lorin Buckner's Objection to Sale and Demand for Oath and Bond" in which the court again referenced the Buckners' "numerous" attempts to invalidate the court's April 30, 2010 judgment, and Mr. Buckner's continued "challenge [to] the authority of the Court and what seems the entire judicial/legal system in the State of Ohio, through convoluted and misapplied theories of law."

State records reflect that the oft-rescheduled Sheriff's Sale finally occurred on or about January 17, 2019. On January 22, 2019, Mr. Buckner filed in state court a "Man[d]atory Judicial Notice" that accuses the presiding state court judge, Butler County Court of Common Pleas Judge Noah Powers, of violating the Ohio Code of Judicial Conduct. The same "notice" appears to seek monetary damages from Judge Powers as well as dismissal of the foreclosure case and a state court ruling that the foreclosure judgment and sale is "void and vacated."

On February 4, 2019, Plaintiff initiated the instant lawsuit, seeking monetary

damages and "other such further relief as …seems proper" based in part upon allegations that Judge Powers wrongfully failed to recuse himself in the same state foreclosure case. (Doc. 1 at 5).  Unlike the two cases in which Mr. Buckner attempted to remove as a defendant proceeding *in forma pauperis*, in this second case in which Mr. Buckner proceeds as a plaintiff, he has again elected to pay the full filing fee.

**II.     Analysis**

Any *pro se* litigant's complaint (regardless of whether they proceed *in forma pauperis*) may be screened for frivolousness under the authority of *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).  Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in recent years, the Supreme Court has brought greater focus to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974.  In *Ashcraft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.   Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.*

6

In addition to reviewing the sufficiency of the complaint, federal courts must remain cognizant of their limited jurisdiction.

> Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.,* 456 U.S. at 702, 102 S.Ct. 2099 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul *726 Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 287 n. 10, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

*Hayes v. Shelby Cty. Tr.*, 971 F. Supp. 2d 717, 725–26 (W.D. Tenn. 2013).

Plaintiff's latest federal complaint is nearly devoid of factual content or fact-based allegations, to the point of failing to state *any* plausible basis for relief under the standards of *Twombly* and *Iqbal*. Instead of factual allegations, the complaint recites a litany of alleged violations of various federal statutes and Plaintiff's alleged constitutional rights under the 4th, 5th, 6th, 7th, 8th and 14th Amendments, including "criminal conspiracy under section 1985," "criminal treason" and additional violations of "1983, 1985, 1986, 1988… and the Civil Rights Act of 1870." (Doc. 1 at 2; *see also id.* at 4, ¶¶26-27). Plaintiff identifies the Defendants as "Butler County Court of Common Pleas" and as Judge Powers. He states that Butler County is "being sued as a person" based upon the doctrine of *respondeat superior*, and that Judge Powers "is being sued individually and in his official capacity." (*Id.* at 3; *see also id.* at 4, ¶50). As relief, Mr. Buckner seeks monetary damages well in excess of 2 million dollars, attorney's fees, the "right to amend," and "other such further relief as…seems proper." (*Id.* at 5).

7

At the outset, the undersigned notes that Plaintiff has failed to state any claim against Judge Powers, who is absolutely immune from suit for actions undertaken in his judicial capacity. *See generally Mireless v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Plaintiff appears to allege that he has suffered economic and physical harm based upon Judge Powers' alleged failure to recuse himself in the state court case. (Doc. 1 at 4, ¶ 27). However, allegations of bias do not impact judicial immunity. Any rulings made by Judge Powers were within his jurisdiction, regardless of Plaintiff's allegations of bias or alleged violations of state law. In addition, the Supreme Court of Ohio has held that, absent statutory authority, Ohio courts are not *sui juris*; therefore, Plaintiff also has failed to state any claim against the Butler County Court of Common Pleas. *See Lawson v. City of Youngtown*, 912 F. Supp.2d 527 529 (N.D. Ohio 2012)(citing *Malone v. Court of Common Pleas of Cuyahoga County,* 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (Ohio 1976)).

The foregoing analysis is sufficient standing alone to support dismissal, and is only amplified by Plaintiff's failure to satisfy the plausibility standards of *Iqbal* or to set forth any non-frivolous basis for federal jurisdiction. However, additional analysis is required because Mr. Buckner's conduct constitutes such a thinly veiled attempt to collaterally attack the same state court foreclosure action, despite the prior dismissal of three separate federal cases related to the same matter, that the undersigned is compelled to recommend that Plaintiff be sanctioned and precluded from filing future related cases in this Court. *See generally, Tonti v. Petropoulous*, 565 F.2d 212, 216 (6th Cir. 1981) ("this Circuit has made it plain that the filing of an action under § 1983 cannot serve as a basis

for relitigating questions previously denied in the State courts," dismissing collateral attack on state court judgment and awarding attorney's fees against pro se plaintiff who based his federal claims on allegations that state court judge was biased and prejudiced).

In an effort to reduce repetition, the undersigned incorporates the Court's prior analysis concerning the absence of any federal jurisdiction over claims that relate to the state court foreclosure action as set forth in the opinions remanding Case Nos. 1:18-cv-36 and 1:19-cv-25. It is true that the current lawsuit purports to collaterally challenge the underlying state foreclosure action in a "new and improved" way. However, Plaintiff's citation to a dizzying array of federal statutes and constitutional provisions does nothing to convey jurisdiction on this Court, even if Plaintiff had bothered to include more than cursory factual allegations.

Importantly, Plaintiff's lawsuit also is barred by the application of the *Rooker-Feldman* doctrine and by the doctrines of issue preclusion and claim preclusion.[5] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149 (1923). Even if Plaintiff's complaint is interpreted as seeking *only* monetary damages from Judge Powers and the state court, this Court still would be required to examine the propriety of the rulings made by Judge Powers and the underlying state court judgment because they are the source of Plaintiff's alleged injury. Courts have repeatedly dismissed similar lawsuits initiated by litigants who seek to set aside or otherwise challenge state court judgments,

---

[5]To the extent that Mr. Buckner recently filed a related post-judgment motion in his state court foreclosure proceeding that seeks damages against Judge Powers based on alleged bias, the doctrine of *Younger* abstention also may apply. However, there is no need to reach that issue given the clear applicability of *Rooker-Feldman* to this case. *Accord, Gilbert v. Ferry*, 298 F. Supp.2d 606, 614 at n.7 (E.D. Mich. 2003).

regardless of the various legal theories on which such lawsuits are based. *Accord Tonti v. Petropoulous*, *supra* (dismissing collateral attack based on alleged bias and prejudice by state court judge under *Rooker-Feldman* and res judicata); *Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (holding that plaintiffs' claim that state court judge had injured them directly and seeking injunctive relief against enforcement of state court judgment implicated *Rooker-Feldman*); see also Turner v. Cade, 354 Fed. Appx. 108, 110-11 (5th Cir. 2009) (*per curiam*) (holding that allegations of bias and impropriety by the judge and opposing counsel were not independent for *Rooker-Feldman* purposes); *Price v. Porter*, 351 Fed. Appx. 925, 926-27 (5th Cir. 2009) (*per curiam*) (holding that *Rooker-Feldman* barred claims that a state judge should have been recused).

The analysis of the Sixth Circuit in another foreclosure case more than a decade ago remains relevant here:

> Because Givens is effectively attempting to appeal from the state order granting possession to JP Morgan Chase, his suit was properly dismissed under *Rooker-Feldman.* Pursuant to that doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). As the Supreme Court has recently clarified, however, the application of *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Thus, *Rooker-Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself. *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir.2006).
>
> Givens' suit fits squarely within this narrow range of cases over which jurisdiction does not exist. It is clear from his complaint that the source of Givens's injuries is the state possession order.

*Givens v. Homecomings Financial,* 278 Fed. Appx. 607, 608-609 (6th Cir.2008). *See also James v. Guaranteed Rate, Inc.*, 2009 WL 928285, at *5-6 (S.D. Ohio, April 6, 2009); *Snype v. First Franklin Corp.,* No. 5:08–cv–1282, 2008 WL 2230765 (N.D. Ohio May 28, 2008); *Sinclair v. Bankers Trust Co. of Cal. N. A.,* No. 5:05–cv–072, 2005 WL 3434827 (W.D. Mich. Dec.13, 2005); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.,* 161 Fed. Appx. 487 (6th Cir.2005) (applying *Rooker–Feldman* to Fair Debt Collection Practices Act action where "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court," and "[e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid."); *Bell v. Fairbanks Capital Corp. a/k/a Select Portfolio Services,* Case No. 2:07–cv–00633, 2008 WL 3475687, at *2 (S.D. Ohio Aug.11, 2008) (lawsuit barred by *Rooker–Feldman* where plaintiff sought "only injunctive relief which would, in effect, have prevented the Sheriff from selling the Estate's home pursuant to the state court judgment of foreclosure."); *O'Neal v. Nationstar Mortgage,* No. 1:07–cv–505, 2008 WL 3007834, at *4-5 (S.D. Ohio Aug.1, 2008) (plaintiff's claims under TILA, Equal Credit Opportunity Act and RESPA challenging state court foreclosure decree were barred by *Rooker–Feldman*).

Last, Mr. Buckner's conduct in initiating this fourth federal proceeding is clearly sanctionable. Therefore, the undersigned recommends the imposition of a monetary sanction as well as the entry of an Order precluding Mr. Buckner from filing (or removing) any additional federal lawsuits relating to the same state court foreclosure case. The fact that Mr. Buckner proceeds *pro se* does not preclude this Court's imposition of

sanctions. *See generally Tonti v. Petropoulous*, 565 F.2d at 216 (imposing sanctions against *pro se* litigant); *Deutsche Bank v. Wolf*, 2016 WL 4449563 (S.D. Ohio Aug 24, 2016) (Black, J., decision and entry recommendation for imposition of monetary sanction based upon pro se defendants repeating "the same meritless claims concerning subject matter jurisdiction that were already rejected by this Court"); *Chase Manhattan Mortg. Corp.*, 910 F.2d 910 (6th Cir. 2007) (imposing costs and fees in the amount of $6513.16 despite grant of *in forma pauperis* status in federal court, and fact that defendants had filed for bankruptcy); *Countrywide Home Loans, Inc. v. Bartmasser*, Case No. 2:08-cv-805, 2009 WL 4678840 (S.D. Ohio Oct. 22, 2008) (directing Countrywide to file a motion for fees accompanied by an itemized accounting of fees and costs incurred in connection with the motion of remand, in light of lack of "objectively reasonable basis" and "clear prohibition" of removal of mortgage foreclosure case); *Federal Nat. Mortg. Ass'n v. Jaa*, 2014 WL 1910898 at *9 (W.D. Tenn. May 13, 2014) (awarding reasonable attorney's fees against *pro se* defendant proceeding *in forma pauperis* who improperly removed foreclosure-related case, noting that "[t]he court can only surmise that [defendant's] removal is intended to delay the state court proceedings."); *PNC Bank, N.A. v. Spencer*, 763 F.3d 650 (7th Cir. 2014) (affirming award of costs and attorney fees to mortgagee for improper removal of mortgagee's foreclosure action, including expense of defending that award on appeal).

The instant lawsuit is so obviously without merit and vexatious in nature that the undersigned recommends the imposition of $500.00 as a monetary sanction payable to this Court, along with the entry of an order that explicitly precludes Plaintiff Buckner from

initiating any further civil lawsuit in a United States District Court that is based upon or that arises out of any claims alleged in the four referenced cases previously filed in this Court. *Accord Tropf v. Fidelity Net Title Ins. Co.*, 289 F.3d 929 (2002) (affirming court's authority to impose both a monetary sanction and similar injunctive relief in federal court to preclude plaintiffs from filing future suits based upon filing of numerous lawsuits related to the same transaction, notwithstanding the lack of subject matter jurisdiction over the plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine).

### III. Conclusion and Recommendation

Accordingly, for these reasons, it is therefore **RECOMMENDED:**

1. This case immediately should be **DISMISSED** *sua sponte*;

2. Mr. Buckner should be directed to pay to the Clerk of this Court a monetary sanction in the amount of $500.00 based upon his contumacious conduct in filing this patently frivolous lawsuit, because res judicata applies and no federal jurisdiction exists;

3. Mr. Buckner should be further precluded from initiating any further civil lawsuit in a United States District Court, whether as a plaintiff or through a Notice of Removal as a defendant, which either challenges the rulings of the Butler County Court of Common Pleas in the same state court foreclosure case or which relates to the claims previously dismissed or remanded by this Court.

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LORIN-KAL BUCKNER

    Plaintiff,

    v.

NOAH E. POWERS, II, et al.,

    Defendants.

Case No. 1:19-cv-92

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).